UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

David G. Voss,                                                                                          Civil No. 05-697 ADM/AJB

                Petitioner,

v.                                                                **REPORT AND RECOMMENDATION**

State of Minnesota,

                Respondent.

      This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). At the time of filing the petition the prisoner was confined at Minnesota Correctional Facility–Rush City pursuant to conviction by jury verdict in Nobles County District Court in June 2003, on charges relating to the sale of methamphetamine. Petitioner was sentenced to a term of imprisonment of 110 months.

      In the present petition the prisoner alleges that his conviction should be reversed because the state failed to prove the elements of a first-degree controlled substance offense. Specifically, he contends that drug confirmation tests were conducted on only one of seven 1.7 gram drug packets, and the state therefore did not prove sale of ten or more grams of methamphetamine. Respondent opposes petitioner's § 2254 petition and asserts that the matter should be dismissed on grounds that the prisoner has not properly presented his federal claims in state court proceedings and therefore he has not fully exhausted state court remedies. Petitioner insists that he sufficiently presented

his federal claims in the state's appellate courts by reference to federal case law and that he has therefore exhausted his state remedies. For the reasons discussed below, it is recommended that defendant's motion to dismiss be granted for failure to exhaust and that the petition for habeas corpus relief be dismissed.

**Background**

In January 2003, petitioner David Voss was charged in Nobles County, Minnesota, with the offenses of first-degree sale of ten grams or more of methamphetamine in violation of Minn. Stat. §§ 152.021 subd. 1(1) and3(a), and § 152.01 subd. 15a, and aiding and advising a first-degree sale of ten grams or more of methamphetamine in violation of Minn. Stat. §§ 152.021 subd. 1(1) and 3(a); §152.01 subd 15a, and §609.05 subd. 1.[1] The complaint alleged that the offenses occurred on July 12, 2002. Jury trial was held in June 2003, and petitioner was convicted on the charged counts, as well as on two lesser-included offenses. On August 12, 2003, Mr. Voss was sentenced to 110 months in prison on the count of first-degree sale of ten grams or more of methamphetamine. He was not sentenced on the other counts. Petitioner filed a Notice of Appeal with the Minnesota Clerk of Appellate Courts on November 10, 2003, and on September 28, 2004, the Minnesota Court of Appeals issued an unpublished opinion,[2] therein applying state evidentiary law in concluding that circumstantial evidence establishing the nature of the controlled substance at issue was compelling and

---

[1] Background facts relating to the procedural history of the petitioner's state prosecution are taken from his Petition for Review of Decision of the Court of Appeals, filed with the Minnesota Supreme Court on October 27, 2004. Respondent's Memorandum in Opposition to Petition for Writ of Habeas Corpus, conventionally filed Appendix [Docket No. 7].

[2] State v. Voss, 2004 WL 2159057 (Minn. App.)(unpublished opinion). Respondent's Memorandum in Opposition to Petition for Writ of Habeas Corpus, conventionally filed Appendix.

sufficient to support the conviction.

Mr. Voss promptly sought review of the court of appeals decision by petition filed with the Minnesota Supreme Court on October 27, 2004.  In the petition for supreme court review the defendant argued that court of appeals erred in applying the evidentiary standard as provided in State v. Olhausen, 681 N.W.2d 21 (Minn. 2004)(circumstantial evidence sufficient to prove the weight of illegal substances), asserting that sufficiency of proof regarding the weight and identity of controlled substances is properly considered under the rule expressed in State v. Robinson, 517 N.W.2d 336 (Minn. 1994)(circumstantial evidence not sufficient to prove the weight of a mixture containing a controlled substance).[3]  As attachments to the petition for supreme court review Voss submitted the court of appeals unpublished opinion and a partial trial transcript, and in the text of the petition for supreme court review he included a citation to a section of his court of appeals brief as further argument for favorable application of the Robinson decision.[4]  Further review by the Minnesota Supreme Court was denied on December 14, 2004.  The present action in U.S. District Court was commenced by Petition under § 2254 filed on April 6, 2005.

**Exhaustion**

Generally, a federal court cannot consider the merits of a habeas corpus petition filed

---

[3] State v. Olhausen, 681 N.W.2d 21, and State v. Robinson, 517 N.W.2d 336, each discuss sufficiency of proof under circumstances in which representative samples of a larger quantity of a presumed controlled substance are scientifically tested to determine the identity and calculate the weight of the substance.  See  State v. Voss, 2004 WL 2159057 (Minn. App.)(unpublished opinion)(discussing Robinson and Olhausen).

[4] Appellant's Brief, page 7.  The citation is "(See Appellant's Br. at 11-18)."  Respondent's Memorandum in Opposition to Petition for Writ of Habeas Corpus, conventionally filed Appendix.

by a state prisoner unless the petitioner can demonstrate exhaustion of all of the available state court remedies with respect to each of the claims that are being presented to the federal court. 28 U.S.C. § 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). Exhaustion of state remedies is required to ensure that state courts have the initial opportunity to review and adjudicate a petitioner's federal constitutional claims. Coleman v. Thompson, 501 U.S. 722, 731 (1991). A claim is considered to be exhausted when the highest state court has been permitted a fair opportunity to rule on the factual and theoretical substance of the claim. Krimmel v. Hopkins, 56 F.3d 873, 875-76 (8th Cir.)(cert. denied, 116 S.Ct. 578 (1995)); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993)(citing Picard v. Connor, 404 U.S. 270, 275-278 (1971)). Indeed, in order to give the state courts one full opportunity to resolve any constitutional issues, a prisoner must proceed through one full round of the state's appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732 (1999). Under circumstances in which a state has a two-tiered appellate review system, comity requires that review be requested at both appellate levels before the claims may be presented in federal court. Id., 119 S.Ct. at 1733. Failure to seek review of claims at all appellate levels of the state court system represents non-exhaustion of those claims.

As previously noted in this report, the petitioner in this matter alleges that he was convicted on the basis on insufficient evidence because the state failed to prove beyond a reasonable doubt that he sold more than ten grams of methamphetamine. Petitioner now contends that his claim raises a federal issue and that this issue was sufficiently presented in the state courts through his citation to two particular federal cases in his brief on appeal to the Minnesota Court of Appeals, which in turn was referenced in his petition for supreme court review by citation to pages in the previous appellate

4

brief, wherein a federal case was cited. Respondent insists that these matters were never presented to the Minnesota Supreme Court in the form of federal issues, and that the claims are therefore unexhausted and are not appropriately before this court on habeas corpus review.

In Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347 (2004), the U.S. Supreme Court held that a state prisoner does not fairly present a federal claim to a state court if the court is required to read outside the petition, brief, or other comparable documents to find material that would alert the court to the existence of such a federal claim. Id.,124 S.Ct. at 1350. In particular, the state supreme court is not required to read the lower court's decision in a quest to determine whether federal claims have been asserted. Id. The requirement of fair presentation imposes no unreasonable burden on a state prisoner who may eventually seek federal habeas corpus relief because the federal issue can easily be raised by merely citing a federal source of law that is relied upon or a case deciding such a claim on federal grounds. Id. at 1351. In the case now before the court the petitioner did not present federal claims to the Minnesota Supreme Court in a manner that would constitute a fair presentation of the claims to the state's highest court. The petition for review of decision of the court of appeals contains no citation to federal case law in any regard whatsoever, and no claims are expressly described as federal claims. In addition, referral to the court of appeals opinion would not have served to alert the supreme court to uniquely federal issues because the court of appeals decision was not based upon federal law and the opinion did not cite or rely upon federal cases.[5] The court acknowledges that fair

---

[5] Indeed, no federal claims were fairly presented to the Minnesota Court of Appeals. The court of appeals decision contains no citation to federal law and the only explicit references to federal law by petitioner are his citations to Jackson v. Virginia, 443 U.S. 307 (1979) and In re Winship, 397 U.S. 358 (1970) in his Appellant's Brief to the court of appeals. The cases were cited generally in

presentation of federal claims is not conditioned upon the appellate court having actually addressed federal issues. Allen v. Hofbauer, __ U.S. __, 126 S.Ct. 5 (2005). Nonetheless, if a higher appellate court is not required to review the lower court decision in search of federal claims, the higher court certainly cannot be expected to scour materials submitted to the lower court for the purpose of locating federal issues. Also, it does not seem that it would be at all burdensome to an appellant to provide a rudimentary explanation of the federal nature of the claim, and it is not unreasonable for the higher state court to expect that an appellant who arguably sought review of federal claims in an initial appeal would simply reassert the federal nature of his claims in a petition for further review. In this case the Minnesota Supreme Court was not alerted to federal issues. The federal claims that are now alleged have not been exhausted and this action should therefore be dismissed.

### RECOMMENDATION

Based on the foregoing, and all the records and proceedings herein,

It is **HEREBY RECOMMENDED** that David G. Voss's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be **denied** and that the petition for writ of habeas corpus [Docket No. 1] be **dismissed**.

Dated:   May 10, 2006

                                              s/ Arthur J. Boylan
                                              Arthur J. Boylan
                                              United States Magistrate Judge

---

reference to the reasonable doubt standard of review in a criminal case. Id., pp. 3, 11-12. The substance of the petitioner's entire appellate argument was based upon evidentiary determinations under Minnesota case law.

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before May 25, 2006. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Eighth Circuit Court of Appeals.