UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David G. Voss,

       Petitioner,

v.                                 **MEMORANDUM OPINION AND ORDER**
                                   Civil No. 05-697 ADM/AJB

State of Minnesota,

       Respondent.

---

David G. Voss, *pro se*.

Kimberly Parker, Esq., Assistant Attorney General, St. Paul, MN, on behalf of Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner David G. Voss's ("Petitioner") Objections [Docket No. 11] to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") of May 10, 2006 [Docket No. 10]. The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1] be denied and dismissed because Petitioner failed to fully exhaust all available state court remedies and therefore does not satisfy the standards for federal habeas corpus relief set forth in 28 U.S.C. § 2254. For the reasons set forth below, the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of the Petitioner's present Objections.

## II. DISCUSSION

The district court must make an independent, de novo determination of those portions of the R&R to which a party objects, and "shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." D. Minn. LR 72.2(a).

In his present Objections, Petitioner raises the same two issues addressed in the R&R and one new issue. As discussed in the R&R, Petitioner claims that he was convicted on the basis of insufficient evidence because the state failed to prove the elements of a first degree controlled substance offense. R&R at 1. Further, Petitioner insists that his claim raises a federal issue and that this issue was sufficiently presented in the state courts. R&R at 2. The Court adopts the Magistrate Judge's recommendation to deny and dismiss the Petition because of Petitioner's failure to exhaust state court remedies.

In his Objections, Petitioner also states that he could not "foresee that the Minnesota State Public Defender . . . would not alert the Minnesota Supreme Court to a federal issue . . . ." Objections at 3. To the extent that Petitioner claims ineffective assistance of counsel, this issue has not been raised previously. It is well established that because this claim was not previously presented, this Court does not have jurisdiction to hear it. Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000). Regardless, Petitioner's ineffective assistance of counsel argument would not change the result; Petitioner has failed to fully exhaust state court remedies.

As the R&R correctly notes, a state prisoner is required to exhaust all state court remedies before a federal court will consider the merits of a petition for federal habeas relief. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). In addition, a state prisoner must properly exhaust those remedies by presenting his constitutional claims to all

available state courts.  O'Sullivan, 526 U.S. at 848.  In other words, a state prisoner is required to give state courts a fair opportunity to consider his claims.  28 U.S.C. § 2254(c).  "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law . . . ."  Rose v. Lundy, 455 U.S. 509, 519 (1982).  Therefore, comity requires that state courts have the first opportunity to review prisoners' federal claims.  O'Sullivan, 526 U.S. at 844.  Failure to present federal claims to all available state courts is non-exhaustion of those claims.

In this case, the Magistrate Judge correctly found that Petitioner did not fairly present his claim to Minnesota's highest state court in the form of a federal issue.  Petitioner contends that his federal issue was sufficiently presented through a citation in his petition for supreme court review to a section in the previous appellate brief, wherein a federal case was cited.  R&R at 4.  However, a state supreme court is not required to read the lower courts' decision to determine whether federal claims have been asserted.  Baldwin v. Reese, 541 U.S. 27, 30 (2004).  Moreover, a prisoner has not made a fair presentation to a state court if the court is required to read outside the petition to discover the existence of such a federal claim.  Id.

In his petition for supreme court review, Petitioner did not expressly describe his claim as federal nor did he cite to any federal case law.  Petitioner has failed to provide the state courts the first opportunity to act on his federal claim.  The Magistrate Judge correctly concluded that Petitioner has not yet exhausted his available state court remedies.  Until Petitioner satisfies the standards for federal habeas corpus relief, this Court will not consider the merits of his Petition.  The Magistrate Judge's R&R to deny and dismiss Petitioner's Petition is adopted.

## III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  The R&R [Docket No. 10] is **ADOPTED**;

2.  Petitioner's Objections [Docket No. 11] are **OVERRULED**; and

3.  Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED AND DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 29, 2006.